UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DISTRICT OF COLUMBIA
CIVIL DIVISION

Sharif Shafi, )
    Plaintiff )
)
)
v. ) Civil Action No. 1:05CV1118
) **RWR**
Leggett, Mark & Donna, et al )
    Defendant )
)

## ANSWER OF DEFENDANT

DISTRICT OF COLUMBIA, ss:

The defendants, Mark and Donna Leggett disputes service and states that service was improperly made by certified mail when defendants did not retrieve summons from the United States Postal Service and therefore, no certification signed by the defendant exists to attest to its receipt. The defendants, fellow St. Elizabeth Hospital employees with the District of Columbia government were both elected members of the Executive Board of Local 2095 from April 2002 to April 2005 and were co Plaintiffs in a September 2003 matter which resulted in the removal of Mr. Christopher Leach as Secretary-Treasurer and the removal of Mr. Willie Smith [aka Sharif Shafi's] from his position as President-elect of Local 2095 in the April 2004 ruling made by the National Board of the National Union of Hospital and Health Care Employees [NUHHCE], AFL-CIO, AFSCME.

The defendants, Mark and Donna Leggett further responds to the attached summons as follows:

    (1). Denies
    (2). Denies
    (3). Denies

**RECEIVED**

JUL 2 8 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### First Defense

Plaintiff's claim of slander and defamatory statements regarding embezzlement that was contributed to defendants, Mark and Donna Leggett, was proven to be true by the April 5, 2004 National Union Board's ruling removing both Mr. Smith [aka Sharif Shafi] and Mr. Leach from office for failure to comply with the AFSCME Financial Standards Code and the AFSCME, NUHHCE, 1199 Metro D.C. District and Local 2095 Constitutions and Bylaws. Plaintiff's own negligence was the sole cause of any injuries and damages Plaintiff may have suffered due to his lack of honesty and integrity.

### Second Defense

Plaintiff's own chicanery, maliciousness, deceitfulness and self violating behavior assisted Plaintiff in the self assassination of his own character and reputation as evidenced by the numerous checks he wrote to himself and Mr. Leach on funds on deposit in the Union's [Local 2095] checking account. Very few of these checks were accompanied by documented expense receipts. Again, the Plaintiff's own negligence played a major role in any injuries and damages that the Plaintiff may have suffered due to his lack of honesty and integrity.

### Third Defense

As an elected member of the Executive Board of Local 2095, from April 2002 to April 2005, the defendants [Leggetts] had a financial obligation to the membership to protect its financial interest from the reckless behavior exhibited by the then-President Smith [aka Sharif Shafi] and Secretary-Treasurer Leach. The Plaintiff, choose to victimize the members of Union Local 2095, when he, the Plaintiff defrauded the membership by writing unauthorized checks on funds on deposit in the Union checking account which resulted in the Plaintiff's misappropriation of Union funds for his own benefit.

The defendant requests that Plaintiff receive nothing and that a counterclaim be filed against the Plaintiff for his participation in this action and, therefore, defendant respectfully demand that this counterclaim be heard in open court.

DATE:            13 July 2005

DEFENDANT:       Mark and Donna Leggett
                 *Mark A. Leggett*

ADDDRESS:        10904 Woodlawn Blvd, Largo, Maryland 20772

TELEPHONE NO.    202-645-4966 (w)

COPY MAILED TO:  PLAINTIFF [Plaintiff filed action Pro Se]

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of **District of Columbia**

Sharif Shafi'

v.

Ronnie McFadden

SUMMONS IN A CIVIL CASE

CASE NUMBER 1:05CV01268

JUDGE: Richard W. Roberts

DECK TYPE: Personal Injury/Malpractice

DATE STAMP: 06/23/2005

TO: (Name and address of Defendant)

Ronnie McFadden
5103 Hagan Rd
Temple Hill Md 20748

PRO SE

YOU ARE HEREBY SUMMONED and required to serve on PLAINTIFF ~~~~~~~~ (name and address)

Sharif Shafi'
526 Brummel Ct N.W.
Washington DC 20012

an answer to the complaint which is served on you with this summons, within  20  days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

NANCY M. MAYER-WHITTINGTON

CLERK

JUN 23 2005

DATE

(By) DEPUTY CLERK

United States of District Court
For the District of Columbia

Sharif Ali Shafi
526 Brummel Court
Washington, DC 20012
202-487-7778

CASE NUMBER 1:05CV01268

JUDGE: Richard W. Roberts

V

DECK TYPE: Personal Injury/Malpractice

Ronnie McFadden
5103 Hagan Road
Temple Hills, MD 20748

DATE STAMP: 06/23/2005

## COMPLAINT

for Damages
Negligence of Defamation of Character
Mental and Emotional Distress
Pain and Suffering

1) Ronnie McFadden has flooded the Untied States Attorney offices and the Inspector General's offices along with the U.S. Department of Labor and the Metropolitan Police Department of the District of Columbia with defamatory information and slander of my name. He has accused me of embezzling thousand of dollars and that I was corrupt.

2) For almost 2 ½ years, Ronnie McFadden has used clever chicanery to destroy my reputation and character. By writing, to Mayor Anthony Williams, PERB, Julio Castillo, Executive Director, Ivy McKinley, Director, DMH/DHR and Martha Kinsley, Director of Mental Health and National Union 1199 NUHHCE, AFSCME, AFL-CIO by sending malicious.. deceitful as well as fraudulent documents to assassinate and defame my character and reputation. Mr. McFadden has attempted to have my removed from President of Local Union 2095, NUHHCE, AFSCME, AFL-CIO by saying that I am disloyal, and corrupt and a thief but most fierce of all, Mr. McFadden wrote to all the people stating that "Mr. Smith had

a felony conviction which would render him incapable of holding elected office and representing members of Local 2095 in an elected capacity". Mr. McFadden became very reckless when he came at my work location John Howard and verbally abused me and harassed me while on C.O.P.

3) Mr. Ronnie McFadden, continued his reckless behavior by vilifying and slandering my character and me with stolen checks from the Union bank account. The checks had been downloaded from Provident Bank in Oxon Hill, MD. Mr. McFadden's malicious destruction from using the internet and on-line services to steal, defraud, and victimize citizens, businesses and communities is a Federal Violation. Mr. McFadden, whose name is not on the Provident Bank, the National Union of Hospital and Health Care Employees, AFSCME, AFL-CIO found in her possession stolen checks which she has passed and faxed all over Washington Metropolitan area. Mr. McFadden has alleged that I have violated several federal laws including misappropriation of funds and obstruction of justice, including, the racketeering influence and Corrupt Organization Act ("Rico Act"). Mr. McFadden, a paralegal consultant has destroyed my reputation and character with this criminal negligence. Mr. McFadden destructive penmanship has impacted my life and I am feeling hurt, loneliness, shame, anger and guilt for crimes, which I have not committed. My family has suffered from behavior; I am suffering mental emotional distress, from Mr. McFadden reckless behavior. I was forced to hire D.C. Police to monitor me during the Union meetings because my life has been threatened.

Therefore, I am asking for:

1) The Plaintiff requests judgement from the defendant, Ronnie McFadden in the amount of One Million Five Hundred thousand Dollars, $1,500,000.00.

2) Plaintiff is requesting a Trial.

*Sharif Shafi*
Sharif Shafi
526 Brummel Court NW
Washington, DC 20012

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NOTICE OF DESIGNATION OF RELATED CIVIL/MISCELLANEOUS CASES
PENDING IN THIS OR ANY OTHER UNITED STATES COURT

Civil Action No. _____
(To be supplied by the Clerk)

NOTICE TO THE PLAINTIFF:

Pursuant to Rule LCvR 40.5(b)(1), you are required to prepare and submit this form at the time of filing any civil or miscellaneous case which is related to any pending case(s) or which involves the same parties and relates to the same subject matter of any dismissed related case(s). This form must be prepared in sufficient quantity to provide one copy for the Clerk's records, one copy for the Judge to whom the case is assigned and one copy for each defendant, so that you must prepare 3 copies for a one defendant case, 4 copies for a two defendant case, etc.

NOTICE TO DEFENDANT:

LCvR 40.5(b)(2) of this Court requires that you serve upon the plaintiff and file with your first responsive pleading or motion any objection you have to the related case designation.

NOTICE TO ALL COUNSEL

LCvR 40.5(b)(3) of this Court requires that as soon as an attorney for a party becomes aware of the existence of a related case or cases, such attorney shall immediately notify, in writing, the Judges on whose calendars the cases appear and shall serve such notice on counsel for all other parties.

---

The plaintiff or counsel for plaintiff will please complete the following:

1. RELATIONSHIP OF NEW CASE TO PENDING RELATED CASE(S).

   A new case is deemed related to a case pending in this or another U.S. Court if the new case: [Check appropriate box(es) below.]

   [ ]   (a)   relates to common property

   [ ]   (b)   involves common issues of fact

   [ ]   (c)   grows out of the same event or transaction

   [ ]   (d)   involves the validity or infringement of the same patent

   [X]   (e)   is filed by the same pro se litigant

2. RELATIONSHIP OF NEW CASES TO DISMISSED RELATED CASE(S).

   A new cases is deemed related to a case dismissed, with or without prejudice, in this or any other U.S. Court, if the new case involves the same parties and relates to the same subject matter.

   Check box if new cases is related to a dismissed case: [ ]

3. NAME THE U.S. COURT IN WHICH THE RELATED CASE IS FILED (IF OTHER THAN THIS COURT

   _____

4. CAPTION AND CASE NUMBER OF RELATED CASE(S). IF MORE ROOM IS NEEDED PLEASE USE THE OTHER SIDE.

   SHAFI            FLOWERS-HANNAH          05592-RWR
   SHAFI    vs     LEGGETT          C.A. No. 05-593 RWR
   SHAFI            LEGGETT                  05-1118 RWR

   6/23/05                    _____
                              Signature of Plaintiff (or counsel)

CO-932
Rev. 4/00



National Union of Hospital and Health Care Employees, AFSCME, AFL-CIO
1319 Locust Street, Philadelphia, PA 19107 (215) 735-1300 FAX (215) 735-9878
9-25 Alling Street, 4th Floor, Newark, NJ 07102 (973) 622-6556 1-800-526-0602 FAX (973) 622-6601

# MEMORANDUM

DATE:   April 5, 2004

TO:   Willie Smith, Christopher Leach, Mary Horne, Diana Flowers, Brenda Mathews-Davis, Rita Settles, Tyrone Thompson, Dorothea Galloway and McArthur Morrison

FROM:   Mary G. Millar, Secretary, Vice President, National Union of Hospital and Health Care Employees, AFSCME, AFL-CIO            *(mgm/dd)*

RE:   **NATIONAL UNION OF HOSPITAL AND HEALTH CARE EMPLOYEES, AFSCME, AFL-CIO TRIAL BOARD RULING ON CHARGES AGAINST WILLIE SMITH**

*********************************************************************

Pursuant to Article XIII of the National Union Constitution, Trial Board hearings were held on January 17 and March 6, 2004 to hear an appeal by Willie Smith from a decision of a Local 2095 Hearing Board. The Trial Board consisted of National Union Vice Presidents Susan M. Cleary, Chair, Mary Lou Millar, Secretary, Barbara Blake, Marguerite Morrison and Ken Seaton-Msemaji.

On January 26, the Trial Board issued an Interim Ruling holding that because all of the Local 2095 Executive Board members were removed from office by competing factions (through procedures of questionable constitutionality) there were no Local officials who had the authority to hear the charges and were not directly interested. Likewise, at the District level, almost all of the Locals comprising the Executive Board of the District are either defunct, inactive or do not participate in the District Executive

*Growing faster to serve you better*

HENRY NICHOLAS, President
KATHY SACKMAN, Secretary-Treasurer
DONNA FORD, Executive Secretary
JOSEPH FRANKLIN, Secretary

VICE PRESIDENTS
Barbara Blake • Ray Brown • Susan Cleary
Michael Connair • Peter Gould • Fahari Jeffers
Carolyn V. Keys • Elizabeth Lujan • Delima MacDonald
Mary Lou Millar • Marguerite Morrison • Sonia Moseley
Dietmar Scholz • Ken Seaton-Msemaji • John J. Seddon

Board. Therefore, there was no elected body constitutionally capable of hearing and deciding the charges. Despite this, the appointment of a panel entirely made up of non-elected persons (one of whom has been challenged as a non-member) does not comply with AFSCME, District, NUHHCE and Local 2095 Constitutions and Bylaws. For this reason, the Trial Board held that the decision finding Willie Smith guilty of all charges could not be sustained. The Trial Board's Interim Ruling went on to state that the Trial Board was extremely concerned about the allegations presented in the underlying charges and that they could not be disregarded by the National Union. The Trial Board requested that specific documents and information be provided to it, which it deemed necessary to make a final determination.

Thereafter, information and documents were provided to the Trial Board and additional testimony was taken on March 6.

Charges filed by Diana Flowers-Hinnant against Local 2095 President Willie Smith alleged the following violations:

1. Disloyalty to the premise and mission of Local 2095.
2. Incompetence betrayed by the incumbents in the direction, coordination, guidance, supervision and functions associated with the Office of the President and the Office of the Secretary-Treasurer.
3. Corrupt or unethical practices of the incumbent(s).
4. Violation of the Constitution of Local 2095, AFSCME International and/or 1199 Metropolitan NUHHCE.
5. Failure to enforce the Collective Bargaining Agreement.

Based upon the exhibits and testimony presented on January 17 and March 6, the Trial Board makes the following ruling.

1. No evidence was presented that would support a finding of guilt on this charge.

2

2. The Trial Board found substantial evidence of incompetence in the financial affairs of the District, as well as failure to comply with the AFSCME Financial Standards Code. This evidence includes, but is not limited to, failure to provide or maintain receipts, invoices, and/or other documentation to support all disbursements; co-signing and receiving checks payable to himself which were not supported by receipts or other documentation; co-signing checks payable to other officers which were not supported by receipts or other documentation; discrepancies between bank statements, amounts of rebate checks, and monthly financial reports; failure to open and review in a timely manner bank statements which were sent to his home address. In addition, the Trial Board is concerned about the inconsistent testimony concerning the "stipends" paid to officers of Local 2095 for approximately 5 months in 2003. It is unclear whether these stipends were intended to cover out-of-pocket daily expenses such as parking, or were in addition to such expenses. It is noted, however, that the payment of stipends ceased after the January 17 hearing.

The AFSCME Financial Standards Code, Article VII, provides as follows:

> Section 1. Receipts, invoices and/or other documentation must be maintained to support <u>all</u> disbursements.
>
> Section 2. Expense reports must be used to document all reimbursements to officers, members and employees. Each item to be reimbursed must be documented to indicate its date, amount and union purpose. Receipts must be attached. All expense reports should be filed on a timely basis.
>
> <u>Employee</u> expense reports must be approved by the employee's supervisor; <u>officer</u> expense reports must be approved by the Executive Board or a committee of officers selected for that purpose.

3

> Expense reports must account for all expenses reimbursed as well as those incurred costs that are to be paid directly by the affiliate (e.g., direct hotel billings, charges on union-owned credit cards). Expense reports for any meal or entertainment item must list the name(s) and union relationship of the person(s) entertained and provide an explanation of the union business discussed.

The evidence shows that Mr. Smith did not comply with these requirements. The Trial Board finds this conduct to be especially egregious because the overwhelming majority of the Local's expenditures were payments to Mr. Smith, purportedly reimbursing him for expenses he incurred on behalf of the Local. Although some receipts were submitted to the Trial Board, they only covered approximately one-half of the payments made to Mr. Smith. The Trial Board is also concerned about the fact that most of the receipts were not provided to it in a timely manner, and were only produced after repeated requests by the Trial Board.

3. While the Trial Board finds that Willie Smith failed to follow proper financial practices and received reimbursements for which he did not produce receipts or other documentation, the Trial Board did not receive sufficient evidence to conclude that Mr. Smith engaged in corrupt or unethical practices. In particular, it is necessary to point out that the allegation that Mr. Smith received a check for the full balance of the Local's bank account is refuted by bank statements showing that the full amount was deposited in a new account. There was credible evidence, through testimony and exhibits, that it was necessary to open a new account because unknown persons had obtained unauthorized on-line access to the account.

4. The Trial Board finds that Willie Smith violated the AFSCME Financial Standards Code, which is binding upon every AFSCME affiliate. In addition, Mr. Smith

4

violated the AFSCME, NUHHCE, 1199 Metropolitan District and Local 2095 Constitutions and Bylaws by summarily removing from office Local 2095 Recording Secretary Donna Leggett, and Executive Board Members Mark Leggett, Janet Hill and Cheryl Jones. The removal of these four officers left only four remaining Local officers.

Although this action was based upon the grounds that these officers were not members in good standing of Local 2095, the Trial Board notes that these officers ran on Mr. Smith's slate in 2002. At that time, the incumbent President Mary Horne challenged their eligibility (except Janet Hill) on the grounds that they were not members in good standing. (It should also be noted that Ms. Horne challenged the eligibility of Mr. Smith and Christopher Leach on the same grounds.) Mr. Smith's slate took the position that they were all eligible to run for office. Judicial Panel Chairperson John Seferian ruled on August 27, 2002 that there was insufficient evidence that they were ineligible to run for office. That ruling was subsequently sustained by the full Judicial Panel on October 30, 2002. Despite this, approximately eight months later, Mr. Smith removed Ms. Leggett, Mr. Leggett, and Ms. Jones from office for the same reason. No evidence was submitted to substantiate why these individuals were eligible to run for office on Mr. Smith's slate in 2002, but no longer eligible to serve in office in 2003.

With respect to Ms. Hill, the evidence showed that she has been out of work on disability from January 22, 2003 to the present. Mr. Smith presented dues reports covering approximately one and a half months in April and May 2003 showing that dues were not deducted for Ms. Hill. Ms. Hill testified that she believed that she was paying dues. In light of this factual dispute, the procedure used to remove Ms. Hill from office was improper.

5

After the removal of these four officers, three of the remaining officers voted, pursuant to Article VI, Section 6 of the Local 2095 Constitution, to appoint persons to fill the vacancies created by the summary removal.

5. The Trial Board finds that there was no evidence that Mr. Smith failed to enforce the collective bargaining agreement.

Pursuant to Article XIII, C. 8(a), the Trial Board has the authority to dismiss the complaint, impose a reprimand, censure, or other discipline up to and including expulsion, and/or a fine or make any other decision that it deems appropriate or necessary. In light of its findings in this case, the Trial Board concludes that it is necessary to (1) remove Willie Smith from office; (2) order the holding of a special election to fill the position of President of Local 2095; (3) declare Willie Smith ineligible to run for or hold Union office for two years from the date of this decision. In addition, the Trial Board will request the National Union Auditor to determine the amount of money paid to Mr. Smith which is not substantiated by receipts, invoices and/or other documentation. Mr. Smith is ordered to refund to the Local 2095 treasury that amount determined by the National Union Auditor as not substantiated by receipts or other documentation.

Pursuant to Article XIII, C. 8(a), the Trial Board has the authority to dismiss the complaint, impose a reprimand, censure, or other discipline up to and including expulsion, and/or a fine or make any other decision that it deems appropriate or necessary. The Trial Board notes that Mr. Leach has resigned from the position of Local 2095 Secretary-Treasurer effective January 31, 2004. In light of its findings in this case, the Trial Board concludes that it is necessary to (1) reprimand Christopher Leach; (2) declare Christopher Leach ineligible to run for or hold Union office for two years from the date of this decision. In addition, the Trial Board will request the National Union Auditor to determine the amount of money paid to Mr. Leach which is not substantiated by receipts, invoices and/or other documentation. Mr. Leach is ordered to refund to the Local 2095 treasury that amount determined by the National Union Auditor as not substantiated by receipts or other documentation.



**National Union of Hospital and Health Care Employees, AFSCME, AFL-CIO**
1319 Locust Street, Philadelphia, PA 19107  (215) 735-1300  FAX (215) 735-9878
9-25 Alling Street, 4th Floor, Newark, NJ 07102  (973) 622-6556  1-800-526-9602  FAX (973) 622-6601

# MEMORANDUM

DATE: April 5, 2004

TO: Willie Smith, Christopher Leach, Mary Horne, Diana Flowers, Brenda Mathews-Davis, Rita Settles, Tyrone Thompson, Dorothea Galloway and McArthur Morrison

FROM: Mary G. Millar, Secretary, Vice President, National Union of Hospital and Health Care Employees, AFSCME, AFL-CIO     *mgm/dd*

RE: **NATIONAL UNION OF HOSPITAL AND HEALTH CARE EMPLOYEES, AFSCME, AFL-CIO TRIAL BOARD RULING ON CHARGES AGAINST CHRISTOPHER LEACH**

*************************************************************************

Pursuant to Article XIII of the National Union Constitution, Trial Board hearings were held on January 17 and March 6, 2004 to hear an appeal by Christopher Leach from a decision of a Local 2095 Hearing Board. The Trial Board consisted of National Union Vice Presidents Susan M. Cleary, Chair, Mary Lou Millar, Secretary, Barbara Blake, Marguerite Morrison and Ken Seaton-Msemaji.

On January 26, the Trial Board issued an Interim Ruling holding that because all of the Local 2095 Executive Board members were removed from office by competing factions (through procedures of questionable constitutionality) there were no Local officials who had the authority to hear the charges and were not directly interested. Likewise, at the District level, almost all of the Locals comprising the Executive Board of the District are either defunct, inactive or do not participate in the District Executive

*"Growing faster to serve you better."*

HENRY NICHOLAS, President
KATHY SACKMAN, Secretary-Treasurer
DONNA FORD, Executive Secretary
JOSEPH FRANKLIN, Secretary



VICE PRESIDENTS
Barbara Blake • Ray Brown • Susan Cleary
Michael Connair • Peter Gould • Fahari Jeffers
Carolyn V. Keys • Elizabeth Lujan • Delima MacDonald
Mary Lou Millar • Marguerite Morrison • Sonia Moseley
Dietmar Scholz • Ken Seaton-Msemaji • John J. Seddon

Board. Therefore, there was no elected body constitutionally capable of hearing and deciding the charges. Despite this, the appointment of a panel entirely made up of non-elected persons (one of whom has been challenged as a non-member) does not comply with AFSCME, District, NUHHCE and Local 2095 Constitutions and Bylaws. For this reason, the Trial Board held that the decision finding Christopher Leach guilty of all charges could not be sustained. The Trial Board's Interim Ruling went on to state that the Trial Board was extremely concerned about the allegations presented in the underlying charges and that they could not be disregarded by the National Union. The Trial Board requested that specific documents and information be provided to it, which it deemed necessary to make a final determination.

Thereafter, information and documents were provided to the Trial Board and additional testimony was taken on March 6.

Charges filed by Diana Flowers-Hinnant against Local 2095 Secretary-Treasurer Christopher Leach alleged the following violations:

1. Disloyalty to the premise and mission of Local 2095.
2. Incompetence betrayed by the incumbents in the direction, coordination, guidance, supervision and functions associated with the Office of the President and the Office of the Secretary-Treasurer.
3. Corrupt or unethical practices of the incumbent(s).
4. Violation of the Constitution of Local 2095, AFSCME International and/or 1199 Metropolitan NUHHCE.
5. Failure to enforce the Collective Bargaining Agreement.

Based upon the exhibits and testimony presented on January 17 and March 6, the Trial Board makes the following ruling.

1. No evidence was presented that would support a finding of guilt on this charge.

2

2. The Trial Board found substantial evidence of incompetence in the financial affairs of the District, as well as failure to comply with the AFSCME Financial Standards Code. This evidence includes, but is not limited to, failure to prepare monthly operating statements of the financial transactions of the Local as required by Article VII, Section 4 of the Local 2095 Constitution; failure to provide or maintain receipts, invoices, and/or other documentation to support all disbursements; co-signing and receiving checks payable to himself which were not supported by receipts or other documentation; co-signing checks payable to other officers which were not supported by receipts or other documentation; discrepancies between bank statements, amounts of rebate checks, and monthly financial reports. In addition, the Trial Board is concerned about the inconsistent testimony concerning the "stipends" paid to officers of Local 2095 for approximately 5 months in 2003. It is unclear whether these stipends were intended to cover out-of-pocket daily expenses such as parking, or were in addition to such expenses. It is noted, however, that the payment of stipends ceased after the January 17 hearing.

3. While the Trial Board finds that Christopher Leach failed to follow proper financial practices and received reimbursements for which he did not produce receipts or other documentation, the Trial Board did not receive sufficient evidence to conclude that Mr. Leach engaged in corrupt or unethical practices.

4. The Trial Board finds that Christopher Leach violated the AFSCME Financial Standards Code, which is binding upon every AFSCME affiliate.

5. The Trial Board finds that there was no evidence that Mr. Leach failed to enforce the collective bargaining agreement.

3

Pursuant to Article XIII, C. 8(a), the Trial Board has the authority to dismiss the complaint, impose a reprimand, censure, or other discipline up to and including expulsion, and/or a fine or make any other decision that it deems appropriate or necessary. The Trial Board notes that Mr. Leach has resigned from the position of Local 2095 Secretary-Treasurer effective January 31, 2004. In light of its findings in this case, the Trial Board concludes that it is necessary to (1) reprimand Christopher Leach; (2) declare Christopher Leach ineligible to run for or hold Union office for two years from the date of this decision. In addition, the Trial Board will request the National Union Auditor to determine the amount of money paid to Mr. Leach which is not substantiated by receipts, invoices and/or other documentation. Mr. Leach is ordered to refund to the Local 2095 treasury that amount determined by the National Union Auditor as not substantiated by receipts or other documentation.