UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DISTRICT OF COLUMBIA
CIVIL DIVISION

Sharif Shafi,                              )
                    Plaintiff              )
                                           )
                                           )
            v.                             )        Civil Action No. 1:05CV0593
                                           )                        No. 1:05CV1118
Leggett, Mark & Donna, et al              )
                    Defendant              )
                                           )

## ANSWER OF DEFENDANT

DISTRICT OF COLUMBIA, ss:

The defendants, Mark and Donna Leggett disputes service and states that
service was improperly made by certified mail when defendants did not retrieve
summons from the United States Postal Service and therefore, no certification
signed by the defendant exists to attest to its receipt.   The defendants, fellow St.
Elizabeth Hospital employees with the District of Columbia government were
both elected members of the Executive Board of Local 2095 from April 2002 to
April 2005 and were co Plaintiffs in a September 2003 matter which resulted in
the removal of Mr. Christopher Leach as Secretary-Treasurer and the removal of
Mr. Willie Smith [aka Sharif Shafi's] from his position as President-elect of Local
2095 in the April 2004 ruling made by the National Board of the National Union of
Hospital and Health Care Employees [NUHHCE], AFL-CIO, AFSCME.

The defendants, Mark and Donna Leggett further responds to the attached
summons as follows:

      (1).    Denies
      (2).    Denies
      (3).    Denies

## First Defense

Plaintiff's claim of slander and defamatory statements regarding embezzlement that was contributed to defendants, Mark and Donna Leggett, was proven to be true by the April 5, 2004 National Union Board's ruling removing both Mr. Smith [aka Sharif Shafi] and Mr. Leach from office for failure to comply with the AFSCME Financial Standards Code and the AFSCME, NUHHCE, 1199 Metro D.C. District and Local 2095 Constitutions and Bylaws. Plaintiff's own negligence was the sole cause of any injuries and damages Plaintiff may have suffered due to his lack of honesty and integrity.

## Second Defense

Plaintiff's own chicanery, maliciousness, deceitfulness and self violating behavior assisted Plaintiff in the self assassination of his own character and reputation as evidenced by the numerous checks he wrote to himself and Mr. Leach on funds on deposit in the Union's [Local 2095] checking account. Very few of these checks were accompanied by documented expense receipts. Again, the Plaintiff's own negligence played a major role in any injuries and damages that the Plaintiff may have suffered due to his lack of honesty and integrity.

## Third Defense

As an elected member of the Executive Board of Local 2095, from April 2002 to April 2005, the defendants [Leggetts] had a financial obligation to the membership to protect its financial interest from the reckless behavior exhibited by the then-President Smith [aka Sharif Shafi] and Secretary-Treasurer Leach. The Plaintiff, choose to victimize the members of Union Local 2095, when he, the Plaintiff defrauded the membership by writing unauthorized checks on funds on deposit in the Union checking account which resulted in the Plaintiff's misappropriation of Union funds for his own benefit.

## Certificate of Service

DATE:                    <u>31 January 2006</u>

DEFENDANT:        Mark and Donna Leggett

ADDDRESS:          1707 Gainesville Street, SE #202, Washington DC 20020

TELEPHONE NO.   202-645-4966 (w)

COPY MAILED TO:  PLAINTIFF [Plaintiff filed action Pro Se]

We are responding to this case brought forth by Sharif Shafi also known as Willie Earl Smith. We have not been served with a summons regarding this matter. We received information regarding this case from other interested parties. We have moved from the address indicated in this case, and are very uncertain about listing our new location. Mr. Smith has been convicted and served jail time for threatening and assaulting me; he is currently on supervised probation and is controlled by a restraining order issued by Judge Motley.

Mr. Smith was the union President of Local 2095 and I was an Executive Officer and my wife was Secretary. By way of financial reports submitted by our Treasurer we obtained information that Mr. Smith was misappropriating union funds. Mr. Smith declined to cooperate with the Executive Board in justifying these expenditures. At that point, the Executive Board voted to inform our parent union and request an investigation into this matter. Our parent union established that Mr. Smith could not produce any receipts or documentation to support the checks that were made payable to him totaling more than seventeen thousand dollars and therefore removed him from office and ordered restitution to Local 2095. The Inspector General Office, DC Government was notified and is presently investigating this matter and has also referred this case to the US Attorney's Office.

In conclusion, Mr. Smith has a long history of using the Courts to harass and seek revenge against persons that have sought justice for his illegal behavior. It should also be noted that Mr. Smith has a long criminal history and uses two names to create deception. Mr. Smith's assaults against me are proof of his anti-social behavior and tactics. We would like to have this matter dismissed because this civil action has no merit apart from seeking revenge and further harassing the parties involved. If this is not possible we would like a hearing to further explain our position.

Please review attached documents (A.5) that support our claims. Thank you for your attention to this matter. Please forward all correspondence to my relatives address at 1707 Gainesville Street, #202 SE Washington DC 20020.

Respectfully,


Mark Leggett


Donna Leggett

1

Default - Rule 55A (CO 40 Revised-DC 02/00)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SHARIF ALI SHAFI

     Plaintiff(s)

     v.

Civil Action No. __05-1269 (RWR)__

JANET HILL

     Defendant(s)

RE:  Janet Hill

## DEFAULT

It appearing that the above-named defendant(s) failed to plead or otherwise defend this action though duly served with summons and copy of the complaint on     June 30, 2005     , and an affidavit on behalf of the plaintiff having been filed, it is this __23__ day of __January__ __2006__ declared that  defendant(s) is/are in default.

NANCY MAYER-WHITTINGTON, Clerk

By: _____
                        Jackie Francis
                        Deputy Clerk



U.S. POSTAGE

PB METER
7127639

Janet Hill
501 Mace Drive
Ft. Washington DC 20744

CLERK'S OFFICE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
U.S. COURTHOUSE
333 CONSTITUTION AVENUE, N.W.
WASHINGTON, DC 20001

OFFICIAL BUSINESS



National Union of Hospital and Health Care Employees, AFSCME, AFL-CIO
1319 Locust Street, Philadelphia, PA 19107 (215) 735-1300 FAX (215) 735-9878
9-25 Alling Street, 4th Floor, Newark, NJ 07102 (973) 622-6556 1-800-526-9602 FAX (973) 622-6601

# MEMORANDUM

**DATE:**   April 5, 2004

**TO:**   Willie Smith, Christopher Leach, Mary Horne, Diana Flowers,
Brenda Mathews-Davis, Rita Settles, Tyrone Thompson,
~~Dorothea Galloway and McArthur Morrison~~

**FROM:**   Mary G. Millar, Secretary, Vice President,
National Union of Hospital and Health Care
Employees, AFSCME, AFL-CIO      *mgm/dd*

**RE:**   **NATIONAL UNION OF HOSPITAL AND HEALTH
CARE EMPLOYEES, AFSCME, AFL-CIO
TRIAL BOARD RULING ON CHARGES AGAINST
CHRISTOPHER LEACH**
*****************************************************************

Pursuant to Article XIII of the National Union Constitution, Trial Board hearings

were held on January 17 and March 6, 2004 to hear an appeal by Christopher Leach from

a decision of a Local 2095 Hearing Board. The Trial Board consisted of National Union

Vice Presidents Susan M. Cleary, Chair, Mary Lou Millar, Secretary, Barbara Blake,

Marguerite Morrison and Ken Seaton-Msemaji.

On January 26, the Trial Board issued an Interim Ruling holding that because all

of the Local 2095 Executive Board members were removed from office by competing

factions (through procedures of questionable constitutionality) there were no Local

officials who had the authority to hear the charges and were not directly interested.

Likewise, at the District level, almost all of the Locals comprising the Executive Board of

the District are either defunct, inactive or do not participate in the District Executive

*"Growing faster to serve you better."*

HENRY NICHOLAS, President
KATHY SACKMAN, Secretary-Treasurer
DONNA FORD, Executive Secretary
JOSEPH FRANKLIN, Secretary

**VICE PRESIDENTS**
Barbara Blake • Ray Brown • Susan Cleary
Michael Connair • Peter Gould • Fahari Jeffers
Carolyn V. Keys • Elizabeth Lujan • Dellma MacDonald
Mary Lou Millar • Marguerite Morrison • Sonia Moseley
Dietmar Scholz • Ken Seaton-Msemaji • John J. Seddon

Board. Therefore, there was no elected body constitutionally capable of hearing and deciding the charges. Despite this, the appointment of a panel entirely made up of non-elected persons (one of whom has been challenged as a non-member) does not comply with AFSCME, District, NUHHCE and Local 2095 Constitutions and Bylaws. For this reason, the Trial Board held that the decision finding Christopher Leach guilty of all charges could not be sustained. The Trial Board's Interim Ruling went on to state that the Trial Board was extremely concerned about the allegations presented in the underlying charges and that they could not be disregarded by the National Union. The Trial Board requested that specific documents and information be provided to it, which it deemed necessary to make a final determination.

Thereafter, information and documents were provided to the Trial Board and additional testimony was taken on March 6.

Charges filed by Diana Flowers-Hinnant against Local 2095 Secretary-Treasurer Christopher Leach alleged the following violations:

    1.    Disloyalty to the premise and mission of Local 2095.
    2.    Incompetence betrayed by the incumbents in the direction, coordination, guidance, supervision and functions associated with the Office of the President and the Office of the Secretary-Treasurer.
    3.    Corrupt or unethical practices of the incumbent(s).
    4.    Violation of the Constitution of Local 2095, AFSCME International and/or 1199 Metropolitan NUHHCE.
    5.    Failure to enforce the Collective Bargaining Agreement.

Based upon the exhibits and testimony presented on January 17 and March 6, the Trial Board makes the following ruling.

    1.    No evidence was presented that would support a finding of guilt on this charge.

2.    The Trial Board found substantial evidence of incompetence in the financial affairs of the District, as well as failure to comply with the AFSCME Financial Standards Code. This evidence includes, but is not limited to, failure to prepare monthly operating statements of the financial transactions of the Local as required by Article VII, Section 4 of the Local 2095 Constitution; failure to provide or maintain receipts, invoices, and/or other documentation to support all disbursements; co-signing and receiving checks payable to himself which were not supported by receipts or other documentation; co-signing checks payable to other officers which were not supported by receipts or other documentation; discrepancies between bank statements, amounts of rebate checks, and monthly financial reports. In addition, the Trial Board is concerned about the inconsistent testimony concerning the "stipends" paid to officers of Local 2095 for approximately 5 months in 2003. It is unclear whether these stipends were intended to cover out-of-pocket daily expenses such as parking, or were in addition to such expenses. It is noted, however, that the payment of stipends ceased after the January 17 hearing.

3.    While the Trial Board finds that Christopher Leach failed to follow proper financial practices and received reimbursements for which he did not produce receipts or other documentation, the Trial Board did not receive sufficient evidence to conclude that Mr. Leach engaged in corrupt or unethical practices.

4.    The Trial Board finds that Christopher Leach violated the AFSCME Financial Standards Code, which is binding upon every AFSCME affiliate.

5.    The Trial Board finds that there was no evidence that Mr. Leach failed to enforce the collective bargaining agreement.

3

Pursuant to Article XIII, C. 8(a), the Trial Board has the authority to dismiss the complaint, impose a reprimand, censure, or other discipline up to and including expulsion, and/or a fine or make any other decision that it deems appropriate or necessary. The Trial Board notes that Mr. Leach has resigned from the position of Local 2095 Secretary-Treasurer effective January 31, 2004. In light of its findings in this case, the Trial Board concludes that it is necessary to (1) reprimand Christopher Leach; (2) declare Christopher Leach ineligible to run for or hold Union office for two years from the date of this decision. In addition, the Trial Board will request the National Union Auditor to determine the amount of money paid to Mr. Leach which is not substantiated by receipts, invoices and/or other documentation. Mr. Leach is ordered to refund to the Local 2095 treasury that amount determined by the National Union Auditor as not substantiated by receipts or other documentation.

4

```
MAY 21, 2003          ISTRICT COURT OF MARYLAND                 05/21/03
WEDNESDAY      CRIMINAL   STEM INQUIRY EVENT HISTORY  ISPLAY       DIST: 06

CASE: 00743126E6 CR  STATUS: C  CHG DATE: 94/09/29  CC:         DIST: 05 02
TRACKING NO: 0000743126E6        LOCAL ID: X0198605   DOC: SUM  ISSUED: 93/03/27
NAME: SMITH, WILLIE EARL          DOB: 60/11/19 HT/WT: 601 200 SEX/RACE: M1
ADDR:                             DISP: TRL 94/09/23   CNSL:       DEF:
       6245 64TH AVE #6           TRIAL DATE:           TIME:
       RIVERDALE         MD 207370000  ROOM:    TYPE:    DATE SET:
DPAY:        DUE:       FINAL:          SID: 0000000000


  TYPE   DATE   BATCH  PREP DATE/ID C COMMENT

  DFTA 931001           930929 QME  1 FAILED TO APPEAR              ,JUDGE 9C9
  WARI 931001           930929 QME    930929;ZP  SHER; ;    ;
  SCHG 931001           930929 QME    A TO W
  BSET 931001           930929 QME    930929;00000310;BSET;100;CASH;9C9
  WARS 940729           940729 Q52    940729
  SCHG 940729           940729 Q52    W TO A
  CMIT 940729           940729 Q52    DEFENDANT COMMITTED;940729;PGD
  RELS 940729           940729 Q52    DEFENDANT RELEASED FROM COMMITMENT
  BOND 940804           940729 5DH  1 940729;00000310;CASH;    ;  ;100

NEXT PAGE                         P/N                            PAGE 003
```

UNITED STATES OF AMERICA

**VERSUS**

WILLIE EARL SMITH

*L 56*

*James David @ St. 68452*

| DATE | COURT CLERK'S MEMORANDUM | JUDGE |
|---|---|---|
| B. 19, 1987 | AFFIDAVIT AND COMPLAINT (FUGITIVE FROM THE STATE OF MARYLAND CHARGING THE DEFENDANT WITH THEFT), RECEIVED AND FILED. JACKET FORWARDED TO THE ARRAIGNMENT COURTROOM #17. amo | |
| FEB 19 1987 | Deft. & counsel pres. Presentment held. Extradition Hearing Waived. Deft. voluntarily returns to demanding state. (ct) Committed x | |

A TRUE COPY
TEST MAY 1 9 2003

Clerk, Superior Court of the
District of Columbia
By: _____
Deputy Clerk

**5**

**SPORKIN, J. SS**



United States District Court
For the District of Columbia

Willie E. Smith
4275 58th Ave. #7
Bladensburg, Maryland 20710
(301) 927-9419

**WITHOUT PREPAYMENT OF COSTS**        PLAINTIFFS

**92-2275**

VS

**F**

D.C. Dept. of Human Services
801 North Capital Street N.E.
Washington, D.C. 20001
(202) 727-0819

**FILED**

OCT 09 1992

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

DEFENDANT

**JURY ACTION**

Ruby Gudger
William Byrd
Lola Black
Willett Goodie
Ronald Wormsley
Robert A. Washington
Tom Marshall
Patrice Balascd
Connie Rogers
Gwendolyn Trader
Randy Moore

Complaint Motion for Damages (Negligence)
of Defamation of Character

1.  This Court has jurisdiction pursuant to Title 28, Section 1332, in that there is true diversity of citizenship and the in controversy exceeds Twenty-Five Thousand Dollars (25,000).

2.  Plaintiff is a citizen of the United States and a resident of the State of Maryland.

3.  The defendant D.C. Department of Human Services is a corporation in the United States and reside in the District of Columbia.

4.  On January 28, 1992 and February 27, 1992, I the Plaintiff Willie E. Smith were given two (2) interviews for the position of Correctional Officer DS-007-5/6.  After interviews between (2) two to four (4) days later I was told to reapply.  On March 12, 1992, Ms. Willett Goodie told me the plaintiff Willie E. Smith I would not be hired by the Department because I assaulted youth that were in my custody and care and that I would be unfit for service as a Youth



Correctional Officer.   I have never been convicted with
assaulting of a youth in the D.C. Department of Human Serv-
ices.   I have written documentation from Robert A. Washing-
ton, Ph.D the D.C. Department of Human Services has been
distributing negative and false information about my employ-
ment with the D.C. Department of Human Services.   Distribut-
ing   negative and false information to congressional leader
and future employer's.

Therefore I am asking for:
       The Plaintiff is asking for damage.   The plaintiff demands
       judgment against the defendant D.C. Department of Human
       Services in the mount of One Million Dollars (1,000,000,000)
       and that I be reinstated to the position of DS-007-5/6.

       Plaintiff Demands Trial by Jury.

                                   Willie E. Smith



United States of America
District of Columbia

Case No.: *M2474-03*
PDID No.: *397-384*

*Willie E Smith*                    vs.

## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of  ☒ Not Guilty    ☐ Guilty to the Charge(s) of *B*

*Threats*

and having been found guilty by  ☐ Jury    ☒ Court, it is hereby ORDERED that the defendant has been convicted of
and is guilty of the offense(s) charged, and is hereby SENTENCED to *As to Count "B"*
*180 Days, ESS. 2-years Supervised probation. The*
*1st year in Supervised probation: 2nd year unsupervised.*

*Stay away from Mark Legget w/z 20 feet from him, and*
*his family.*

☐   **MANDATORY MINIMUM** term of _____ applies to the sentence imposed

☐   **MANDATORY MINIMUM** term does not apply.

☐   **ORDERED** that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐   **ORDERED** that the defendant be committed to the custody of the Attorney General for treatment and supervision provided bythe D.C. Department of Corrections pursuant to Title 24, Section 903[b] of the D.C. Code [Youth Rehabilitation Act 1985].

☒   **ORDERED** that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further **ORDERED** that while on probation the defendant observe the following marked conditions of probation:

   ☒   Observe the general conditions of probation listed on the back of this order.

   ☐   Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

   ☐   Treatment for   ☐ alcohol problems   ☐ drug dependency or abuse as follows:
   _____

   ☐   Restitution of $ _____ in monthly installments of $ _____ beginning
   _____ (see reverse side for payment instructions.)

   ☒   ~~The Court will distribute monies to~~ *Complete Anger Management Classes*

Costs in the aggregate amount of $ *50.00* _____ have been assessed under the Victims of Violent Crime
Compensation Act of 1981, and   ☐ have   ☒ have not been paid.

**ORDERED** that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve the commitment/order for the defendant.

*06/25/04*
Date

Certification by Clerk pursuant to Criminal Rule 32(d).

*06/25/04*
Date

_____
Judge

_____
Deputy Clerk

Form CD(18)-1040/Oct. 01

*Appeal Rights given*

Page: 1 Document Name: untitled

```
ICIS0504          SUPERIOR COURT OF THE DISTRICT OF COLUMBIA          12/07/05
C1RXM                   CRIMINAL INFORMATION SYSTEM
                             COUNT DETAILS
CASE NO: M 01521 05  A                               CASE AGE:  196
             UNITED STATES  VS. WILLIE E. SMITH
PDID: 0397384 DOB: 11 19 60 JUDGE: CLARK, JEANETTE             CAL:
CHARGE:  U003 SIMPLE ASSAULT-MISDEMEANOR    CCR NO: 0020336 NOI NO:
POLICE BADGE NO: M 1463        PLEA: NOT GUILTY              CITATION: L
OFFENSE DATE   : 02 16 05  JUDGMENT: GUILTY                     JTWD:
FILE DATE      : 02 17 05  JDGMT DT:  11 29 05              TRIAL TYPE: C
ALT ST HRG DATE:                      SENTENCE: CONFINEMENT AND PROBATION
                              COMMENT: PROB. FOLLOWS INCARC    CONCUR:
CONTD DATE:            TIME:          CONFINEMENT PERIOD  : 180 D./
CONTD FOR:                      BY:   FINE AMOUNT         :
CONT RSN:                                OR CONFINEMENT   :            /
SC GRAND JURY:                        CONFINEMENT SUSPENDED: 174 D /
SC GRAND JURY DATE:                      ALT TIME SUSPENDED:
DISPOSITION DATE  : 11 29 05.             FINE SUSPENDED:
OTHER DISPOSITION:                    PROBATION PERIOD: 001 Y TYPE: A
LAST UPDT DATE: 12 02 05  BY: C1PMJ        VVCA AMT:   100
                          NEXT COUNT:
NEXT:                     CASE:                    KEY:

PF10 ==> RETURN TO CASE SUMMARY
```

Date: 12/7/2005 Time: 11:54:48 AM

| DATE: 2-18-04 | | COUNT(S) | PLEA OF NOT GUILTY WITHDRAWN / JURY DEMAND WITHDRAWN / PLEA GUILTY, JUDGMENT GUILTY | COUNT(S) B | CONTINUED DATE 4-12-04 | Continued for: AP | In Courtroom Nbr. 314 |
|---|---|---|---|---|---|---|---|
| COURT REPORTER | TAPE ☐ | COUNT(S) | Bench Warrant Ordered and issued Forthwith / Bench Warrant Bond $ | COUNT(S) | Preliminary Hearing ☐ Held ☐ Held for G.J. Action ☐ Waived ☐ No Probable Cause | | ☐ Remaining counts to be dismissed at sentencing |
| Counsel: ☐ IS PRESENT ☑ IS NOT PRESENT | | | Defendant: ☐ IS PRESENT ☐ IS NOT PRESENT | | BOND $ | ☐ CASH ☐ SURETY % | ☐ P.R. |

JIS To be SIGNED by (JUDGE HESS), AND SERVED by
The U.S.A.O. INFORMATION FOR COUNT "B" (Threats) Filed
2-17-04

| Count(s) _____ | Nolle Prosequi  Prosecutor | | Defendant released and warned ☐ of Penalties for failure to return |
|---|---|---|---|

| ☐ New Commitment Executed | ☐ Back To Jail O.C. | ☐ Release Executed | ☐ Not In Custody |
|---|---|---|---|

| DISPOSED | | | | PENDING | | | | CLERK AP | JUDGE/COMM. |
|---|---|---|---|---|---|---|---|---|---|
| CLOSED | Held G.J. | CONT. PAY | Show Cause | B/W | Status | Jury | Non Jury | Sent. | Others | Updated By |

| DATE: 4-6-04 | | COUNT(S) | PLEA OF NOT GUILTY WITHDRAWN / JURY DEMAND WITHDRAWN / PLEA GUILTY, JUDGMENT GUILTY | COUNT(S) | CONTINUED DATE | Continued for: | In Courtroom Nbr. |
|---|---|---|---|---|---|---|---|
| COURT REPORTER | TAPE ☐ | COUNT(S) | Bench Warrant Ordered and issued Forthwith / Bench Warrant Bond $ | COUNT(S) | Preliminary Hearing ☐ Held ☐ Held for G.J. Action ☐ Waived ☐ No Probable Cause | | ☐ Remaining counts to be dismissed at sentencing |
| Counsel: ☐ IS PRESENT ☐ IS NOT PRESENT | | | Defendant: ☐ IS PRESENT ☐ IS NOT PRESENT | | BOND $ | ☐ CASH ☐ SURETY % | ☐ P.R. |

9. GOVERNMENTS Motion To Dismiss Defendants Motion
To Seal Arrest Records, Filed 4-5-04

| Count(s) _____ | Nolle Prosequi  Prosecutor | | Defendant released and warned ☐ of Penalties for failure to return |
|---|---|---|---|

| ☐ New Commitment Executed | ☐ Back To Jail O.C. | ☐ Release Executed | ☐ Not In Custody |
|---|---|---|---|

| DISPOSED | | | | PENDING | | | | CLERK AP | JUDGE/COMM. |
|---|---|---|---|---|---|---|---|---|---|
| CLOSED | Held G.J. | CONT. PAY | Show Cause | B/W | Status | Jury | Non Jury | Sent. | Others | Updated By |

| DATE: 04/06/04 | | COUNT(S) | PLEA OF NOT GUILTY WITHDRAWN / JURY DEMAND WITHDRAWN / PLEA GUILTY, JUDGMENT GUILTY | COUNT(S) | CONTINUED DATE | Continued for: | In Courtroom Nbr. |
|---|---|---|---|---|---|---|---|
| COURT REPORTER | TAPE ☐ | COUNT(S) | Bench Warrant Ordered and issued Forthwith / Bench Warrant Bond $ | COUNT(S) | Preliminary Hearing ☐ Held ☐ Held for G.J. Action ☐ Waived ☐ No Probable Cause | | ☐ Remaining counts to be dismissed at sentencing |
| Counsel: ☐ IS PRESENT ☐ IS NOT PRESENT | | | Defendant: ☐ IS PRESENT ☐ IS NOT PRESENT | | BOND $ | ☐ CASH ☐ SURETY % | ☐ P.R. |

Order signed in chambers - Governments Motion to Dismiss
Defendant's motion to seal arrest Record - motion to Dismiss
granted - defendant's motion to seal arrest records dismissed as moot.
Copies mailed by chambers to parties

| Count(s) _____ | Nolle Prosequi  Prosecutor | | Defendant released and warned ☐ of Penalties for failure to return |
|---|---|---|---|

| ☐ New Commitment Executed | ☐ Back To Jail O.C. | ☐ Release Executed | ☐ Not In Custody |
|---|---|---|---|

| DISPOSED | | | | PENDING | | | | CLERK | JUDGE/COMM. |
|---|---|---|---|---|---|---|---|---|---|
| CLOSED | Held G.J. | CONT. PAY | Show Cause | B/W | Status | Jury | Non Jury | Sent. | Others | Updated By |

| Name: Willie Smith | Docket No.: M2474-03 |
|---|---|

Form CD-1032/JUNE 90

PAGE
3,

0-2354 wd239

U.S. District Court
USDC District of Columbia (Washington)

CIVIL DOCKET FOR CASE #: 92-CV-2275

SMITH v. HHS/DC, et al                              Filed: 10/09/92
Assigned to: Judge Stanley Sporkin          Jury demand: Both
Demand: $1,000,000                          Nature of Suit:  440
Lead Docket: None                           Jurisdiction: Federal Question
Dkt# in other court: None

Cause: 28:1331 Fed. Question: Civil Rights Violation
Case type: 1. civil 2. pro n


WILLIE E. SMITH                    WILLIE E. SMITH
     plaintiff                     FTS 927-9419
                                   Apartment 7
                                   [COR LD NTC] [PRO SE]
                                   4275 58th Avenue
                                   Bladensburg, MD 20710
                                   AREA CODE (301)


    v.


DISTRICT OF COLUMBIA               Eugene A. Adams, III
DEPARTMENT OF HUMAN SERVICES       FTS 724-6636
     defendant                     [COR LD NTC]
                                   OFFICE OF CORPORATION COUNSEL,
                                   D.C.
                                   441 Fourth Street, NW
                                   Washington, DC 20001-4600
                                   AREA CODE (202)


RUBY GUDGER
     defendant


WILLIAM BYRD                       Eugene A. Adams, III
     defendant                     (See above)
                                   [COR LD NTC]


LOLA BLACK                         Eugene A. Adams, III
     defendant                     (See above)
                                   [COR LD NTC]


WILLETT GOODIE

Docket as of May 5, 2003 1:54 pm                    Page 1

AO 240 (Rev. 6/86)  Application to Proc

# United States District Court

—————— DISTRICT OF ——————

*Willie E. Smith*

v.

*D.C. Dept. of Human Services*

### APPLICATION TO PROCEED IN FORMA PAUPERIS, SUPPORTING DOCUMENTATION AND ORDER

CASE NUMBER: **92-2275**

I, *Willie Earl Smith*_____, declare that I am the *(check appropriate box)*

☒ petitioner/plaintiff          ☐ movant (filing 28 U.S.C. 2255 motion)

☐ respondent/defendant        ☐ _____
                                                    *other*

in the above-entitled proceeding; that, in support of my request to proceed without being required to prepay fees, cost or give security therefor, I state that because of my poverty, I am unable to pay the costs of said proceeding or give security therefor; that I believe I am entitled to relief. The nature of my action, defense, or other proceeding or the issues I intend to present on appeal are briefly stated as follows:

**FILED**

**OCT 09 1992**

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

In further support of this application, I answer the following questions.

1. Are you presently employed?                              Yes ☒    No ☐

    a. If the answer is "yes," state the amount of your salary or wages per month, and give the name and address of your employer. (list both gross and net salary)

    ⊛ (*$ 1148.00*) *5224 56th Ave   Guide Community Home Riverdale md.*

    b. If the answer is "no," state the date of last employment and the amount of the salary and wages per month which you received.

2. Have you received within the past twelve months any money from any of the following sources?

    a. Business, profession or other form of self-employment    Yes ☐    No ☒
    b. Rent payments, interest or dividends?                            Yes ☐    No ☒
    c. Pensions, annuities or life insurance payments?               Yes ☐    No ☒
    d. Gifts or inheritances?                                                    Yes ☐    No ☒
    e. Any other sources?                                                       Yes ☐    No ☒

Proceedings Include All Events
1:92cv2275 SMITH v. HHS/DC, et al                          TYPE F
                                                    CLOSED JURY

10/9/92   1     COMPLAINT filed (sm) [Entry date 10/16/92]
                [Edit date 10/23/92]

10/9/92   2     APPLICATION  by plaintiff(s) WILLIE E. SMITH to proceed in
                forma pauperis (sm) [Entry date 10/16/92]

10/9/92   --    ORDER  by Judge John H. Pratt granting application motion
                to proceed in forma pauperis [2-1] by WILLIE E. SMITH
                (fiat) (N) (sm) [Entry date 10/16/92]

11/2/92   --    SUMMONS issued for defendant HHS/DC (kk)
                [Entry date 11/04/92]

11/2/92   --    SUMMONSES issued for defendant HHS/DC, defendant RUBY
                GUDGER, defendant WILLIAM BYRD, defendant LOLA BLACK,
                defendant WILLETT GOODIE, defendant RONALD - WORMSLEY,
                defendant ROBERT A. WASHINGTON, defendant TOM MARSHALL,
                defendant PATRICE BALASCD, defendant CONNIE ROGERS,
                defendant GWENDOLYN TRADER and defendant RANDY MOORE (kk)
                [Entry date 11/19/92]

11/18/92  3     ACKNOWLEDGMENT OF RECEIPT of summons and complaint upon
                defendant HHS/DC (received by Patricia Balasco) on 11/13/92
                by mail (kk) [Entry date 11/19/92]

12/3/92   4     ACKNOWLEDGMENT OF RECEIPT of summons and complaint upon
                defendant HHS/DC (accepted by Ruby B. Gudger) on 11/24/92
                by mail (kk) [Entry date 12/04/92]

12/15/92  5     RETURN OF SUMMONS/AFFIDAVIT unexecuted as to defendant
                HHS/DC (kk) [Entry date 12/16/92]

1/5/93    6     RETURN OF SUMMONS/AFFIDAVIT unexecuted as to WILLIAM BYRD,
                LOLA BLACK, WILLETT GOODIE, RONALD - WORMSLEY, ROBERT A.
                WASHINGTON, TOM MARSHALL, CONNIE ROGERS, GWENDOLYN TRADER
                on 1/4/93 (sm) [Entry date 01/06/93]

2/4/93    7     ANSWER to the complaint for defendant TOM MARSHALL,
                defendant LOLA BLACK and defendant CONNIE ROGERS; jury
                demand (kk) [Entry date 02/05/93]

2/4/93    8     MOTION filed by defendant HHS/DC to dismiss the complaint
                as to defendant HHS/DC (kk) [Entry date 02/05/93]

2/9/93    9     ANSWER to the complaint for defendant WILLIAM BYRD; jury
                demand (kk) [Entry date 02/10/93]

3/26/93   10    MEMORANDUM DECISION AND ORDER  by Judge Stanley Sporkin :
                granting motion to dismiss the complaint as to defendant
                HHS/DC [8-1] by HHS/DC;all claims against the individual
                defendants, including the defendants, RobertWashington and
                Willet Goodie, dismissed for lack of diversity jurisdiction;
                all claims as to all defendants are dismissed, pursuant to
                28 U.S.C. 1915(d).(N) (jwd)

MCIS0504            SUPERIOR COURT OF THE DISTRICT OF COLUMBIA          02/16/05
C1HXM                    CRIMINAL INFORMATION SYSTEM
                              COUNT DETAILS
CASE NO: M 02474 03  B                            CASE AGE:   86
              UNITED STATES  VS  WILLIE E. SMITH
PDID: 0397384 DOB: 11 19 60 JUDGE: MOTLEY, THOMAS J          CAL:
CHARGE:  U055 THREATS BODILY HARM        CCR NO: 3019400 NOI NO:
POLICE BADGE NO: D 2236       PLEA: NOT GUILTY              CITATION: L
OFFENSE DATE    : 02 09 03  JUDGMENT: GUILTY                    JTWD:
FILE DATE       : 02 17 04  JDGMT DT:  06 25 04            TRIAL TYPE: C
ALT ST HRG DATE:                    SENTENCE: E.S.S. ENTIRELY
                                    COMMENT:                    CONCUR:
CONTD DATE:            TIME:         CONFINEMENT PERIOD  : 180 D /
CONTD FOR:                    BY:    FINE AMOUNT         :
CONT RSN:                              OR CONFINEMENT    :        /
SC GRAND JURY:                      CONFINEMENT SUSPENDED: 180 D /
SC GRAND JURY DATE:                    ALT TIME SUSPENDED:
DISPOSITION DATE  : 06 25 04            FINE SUSPENDED:
OTHER DISPOSITION:                     PROBATION PERIOD: 002 Y TYPE: A
LAST UPDT DATE: 06 25 04  BY: C1JLD           VVCA AMT:    50
                          NEXT COUNT:
NEXT:                     CASE:                     KEY:

PF10 ==> RETURN TO CASE SUMMARY

Date: 2/16/2005 Time: 1:42:13 PM

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

WILLIE E. SMITH,                    )
                                    )      MAR 2 6 1993
              Plaintiff,            )
                                    )      Clerk, U.S. District Court
        v.                          )      District of Columbia
                                    )
                                    )      Civil Action No. 92-2275
DEPARTMENT OF HUMAN SERVICES,       )      (Stanley Sporkin)
                                    )
              Defendant.            )
                                    )
                                    )
_____    )

## MEMORANDUM DECISION AND ORDER

The instant action, which has been filed by the Plaintiff pro
se and in forma pauperis, seeks damages for alleged defamatory
remarks by employees of the Department of Human Services. The
Defendant, the Department of Human Services has moved to dismiss
the complaint under Rule 12(b)(2) and (6) of the Federal Rules of
Civil Procedure.

For the following reasons the Plaintiff's complaint is
dismissed as to all parties.

It is well settled that a non-corporate body or department
within a municipal corporation can not be sued as a separate
entity. Braxton v. National Capital Housing Authority, 396 A. 2d
215 (D.C. App. 1978); Robinson v. District of Columbia Board of
Higher Education, 359 A.2d 28 (D.C. App. 1976). Accordingly, all
claims against the Department of Human Services are dismissed.

The Plaintiff also asserts claims against eleven individuals,
who presumably are employees of the Department of Human Services.
However, with the exception of Robert A. Washington and Willet
Goodie, none of the individual defendants has been mentioned in the

body of the complaint, nor has the Plaintiff alleged any action on the part of the nine individual defendants which would give rise to a cognizable cause of action.  Consequently, the action must be dismissed as to those nine individual defendants.

The Plaintiff asserts jurisdiction with respect to the 11 individuals on the basis of diversity of citizenship.  No where in the complaint are there facts pled which would support diversity jurisdiction.  Accordingly, all claims against the individual defendants, including the defendants, Robert Washington and Willet Goodie, must be dismissed for lack of diversity jurisdiction.

For the aforesaid reasons, all claims as to all defendants are dismissed, pursuant to 28 U.S.C. § 1915(d).

DATE: 3/26/93

STANLEY SPORKIN
UNITED STATES DISTRICT JUDGE

10

# Superior Court of the District of Columbia

## CRIMINAL DIVISION

| AFFIDAVIT IN SUPPORT OF AN ARREST WARRANT | U S W No.: |
|---|---|

| DEFENDANT'S NAME: | | | C C R: | | PDID: |
|---|---|---|---|---|---|
| Willie Earl Smith | | | 084-238 | | 397384 |

| SEX: | RACE: | D.O.B.: | HEIGHT: | WEIGHT: | EYES: | HAIR: | COMPLEXION: |
|---|---|---|---|---|---|---|---|
| Male | Black | 11/19/60 | | | | | |

| DEFENDANT'S HOME ADDRESS: | TELEPHONE NUMBER: |
|---|---|
| 133~4 Downing St. N.E. Washington D.C. | |

| DEFENDANT'S BUSINESS ADDRESS: | TELEPHONE NUMBER: |
|---|---|

**COMPLAINANT'S NAME:**
Metropolitan Police Department Fugitive Unit

| LOCATION OF OFFENSE: | DATE OF OFFENSE: | TIME OF OFFENSE: |
|---|---|---|
| Montgomery County Maryland | 2/12/87 | 0900 |

**GIVE BRIEF DESCRIPTION OF WHAT HAPPENED:**
The Metropolitan Police Department Fugitive Unit received
an NCIC hit from the Montgomery County Police Department, charging the
defendant with █████████. The warrant was issued on February 12th,1987
The arrest warrant was confirmed by Det Ted Smith of the D.C. Fugitive Unit
The defendant is wanted in the State of Maryland and they will extradite.

A TRUE COPY
TEST:
Clerk Superior Court of DC
District of Columbia
By:
Deputy Clerk

AFFIANT'S SIGNATURE:
X

**TO: WARRANT CLERK**
**PLEASE ISSUE A WARRANT FOR:**

Willie Earl Smith

SUBSCRIBED AND SWORN TO BEFORE ME THIS
_____DAY OF _February_ 19 _87_

Charge With Fugitive From Justice

_Michael v. Tomselli_  2/19/87
ASSISTANT UNITED STATES ATTORNEY

(JUDGE) (DEPUTY CLERK) SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA

Form CD(17)-1050 Feb. 82

82-1567 B



National Union of Hospital and Health Care Employees, AFSCME, AFL-CIO
1319 Locust Street, Philadelphia, PA 19107 (215) 735-1300 FAX (215) 735-9973
9-25 Alling Street, 4th Floor, Newark, NJ 07102 (973) 622-6556 1-800-526-9602 FAX (973) 622-6601

# MEMORANDUM

**DATE:**   April 5, 2004

**TO:**   Willie Smith, Christopher Leach, Mary Horne, Diana Flowers,
Brenda Mathews-Davis, Rita Settles, Tyrone Thompson,
~~Dorothea Galloway and McArthur Morrison~~

**FROM:**   Mary G. Millar, Secretary, Vice President,
National Union of Hospital and Health Care
Employees, AFSCME, AFL-CIO          *mgm/dd*

**RE:**   **NATIONAL UNION OF HOSPITAL AND HEALTH
CARE EMPLOYEES, AFSCME, AFL-CIO
TRIAL BOARD RULING ON CHARGES AGAINST
CHRISTOPHER LEACH**
*************************************************************************

Pursuant to Article XIII of the National Union Constitution, Trial Board hearings

were held on January 17 and March 6, 2004 to hear an appeal by Christopher Leach from

a decision of a Local 2095 Hearing Board. The Trial Board consisted of National Union

Vice Presidents Susan M. Cleary, Chair, Mary Lou Millar, Secretary, Barbara Blake,

Marguerite Morrison and Ken Seaton-Msemaji.

On January 26, the Trial Board issued an Interim Ruling holding that because all

of the Local 2095 Executive Board members were removed from office by competing

factions (through procedures of questionable constitutionality) there were no Local

officials who had the authority to hear the charges and were not directly interested.

Likewise, at the District level, almost all of the Locals comprising the Executive Board of

the District are either defunct, inactive or do not participate in the District Executive

*"Growing faster to serve you better."*

HENRY NICHOLAS, President
KATHY SACKMAN, Secretary-Treasurer
DONNA FORD, Executive Secretary
JOSEPH FRANKLIN, Secretary

**VICE PRESIDENTS**
Barbara Blake • Ray Brown • Susan Cleary
Michael Connair • Peter Gould • Fahari Jeffers
Carolyn V. Keys • Elizabeth Lujan• Delima MacDonald
Mary Lou Millar • Marguerite Morrison • Sonia Moseley
Dietmar Scholz • Ken Seaton-Msemaji • John J. Seddon

Board. Therefore, there was no elected body constitutionally capable of hearing and deciding the charges. Despite this, the appointment of a panel entirely made up of non-elected persons (one of whom has been challenged as a non-member) does not comply with AFSCME, District, NUHHCE and Local 2095 Constitutions and Bylaws. For this reason, the Trial Board held that the decision finding Christopher Leach guilty of all charges could not be sustained. The Trial Board's Interim Ruling went on to state that the Trial Board was extremely concerned about the allegations presented in the underlying charges and that they could not be disregarded by the National Union. The Trial Board requested that specific documents and information be provided to it, which it deemed necessary to make a final determination.

Thereafter, information and documents were provided to the Trial Board and additional testimony was taken on March 6.

Charges filed by Diana Flowers-Hinnant against Local 2095 Secretary-Treasurer Christopher Leach alleged the following violations:

1. Disloyalty to the premise and mission of Local 2095.
2. Incompetence betrayed by the incumbents in the direction, coordination, guidance, supervision and functions associated with the Office of the President and the Office of the Secretary-Treasurer.
3. Corrupt or unethical practices of the incumbent(s).
4. Violation of the Constitution of Local 2095, AFSCME International and/or 1199 Metropolitan NUHHCE.
5. Failure to enforce the Collective Bargaining Agreement.

Based upon the exhibits and testimony presented on January 17 and March 6, the Trial Board makes the following ruling.

1. No evidence was presented that would support a finding of guilt on this charge.

2

2.    The Trial Board found substantial evidence of incompetence in the financial affairs of the District, as well as failure to comply with the AFSCME Financial Standards Code. This evidence includes, but is not limited to, failure to prepare monthly operating statements of the financial transactions of the Local as required by Article VII, Section 4 of the Local 2095 Constitution; failure to provide or maintain receipts, invoices, and/or other documentation to support all disbursements; co-signing and receiving checks payable to himself which were not supported by receipts or other documentation; co-signing checks payable to other officers which were not supported by receipts or other documentation; discrepancies between bank statements, amounts of rebate checks, and monthly financial reports. In addition, the Trial Board is concerned about the inconsistent testimony concerning the "stipends" paid to officers of Local 2095 for approximately 5 months in 2003. It is unclear whether these stipends were intended to cover out-of-pocket daily expenses such as parking, or were in addition to such expenses. It is noted, however, that the payment of stipends ceased after the January 17 hearing.

3.    While the Trial Board finds that Christopher Leach failed to follow proper financial practices and received reimbursements for which he did not produce receipts or other documentation, the Trial Board did not receive sufficient evidence to conclude that Mr. Leach engaged in corrupt or unethical practices.

4.    The Trial Board finds that Christopher Leach violated the AFSCME Financial Standards Code, which is binding upon every AFSCME affiliate.

5.    The Trial Board finds that there was no evidence that Mr. Leach failed to enforce the collective bargaining agreement.

3

Pursuant to Article XIII, C. 8(a), the Trial Board has the authority to dismiss the complaint, impose a reprimand, censure, or other discipline up to and including expulsion, and/or a fine or make any other decision that it deems appropriate or necessary. The Trial Board notes that Mr. Leach has resigned from the position of Local 2095 Secretary-Treasurer effective January 31, 2004. In light of its findings in this case, the Trial Board concludes that it is necessary to (1) reprimand Christopher Leach; (2) declare Christopher Leach ineligible to run for or hold Union office for two years from the date of this decision. In addition, the Trial Board will request the National Union Auditor to determine the amount of money paid to Mr. Leach which is not substantiated by receipts, invoices and/or other documentation. Mr. Leach is ordered to refund to the Local 2095 treasury that amount determined by the National Union Auditor as not substantiated by receipts or other documentation.

4



DISTRICT COURT OF MARYLAND FOR PRINCE GEORGE'S COUNTY    0502
COURTHOUSE, BOURNE WING  (V)
UPPER MARLBORO, MD 20772-3042
TELEPHONE NUMBER: (301) 952-4080

Civil Case No.: 0502 - 0019061 - 2003    Complaint No.: 001

**To:**  EASON, PAUL BAUER        001748
PAUL B EASON
7327-D HANOVER PKWY
GREENBELT, MD 20770

**Regarding:**  LEGGETT, MARK
VS.
SMITH, WILLIE EARL

**Date:**  January 16, 2004

On January 13, 2004 the District Court of Maryland entered a
judgment in favor of the plaintiff in the following amounts:

|   |   |   |
|---|---|---|
| $ | 1,500.00 | Judgment Principal |
| $ | .00 | Pre-Judgment Interest |
| $ | 60.00 | Costs |
| $ | .00 | Other Amounts |
| $ | .00 | Attorney's Fees |

Post-judgment interest will be assessed at
the legal rate.

The plaintiff may file for a lien on any real property owned by the defendant(s)
to enforce this judgment.

*Sept 20'14 845*

*162 B*

Visit our website for directions and information about procedures.
Our web address is www.courts.state.md.us/district

To request a foreign language interpreter or a reasonable accommodation under
the Americans with Disabilities Act, please contact the court immediately.

TTY users call 1-800-925-9690 or use the Maryland Relay Service at 1-800-735-2258 or 711

002492A                                    NOTICE OF JUDGMENT ENTERED - J1