UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DISTRICT OF COLUMBIA
CIVIL DIVISION

Sharif Shafi, )
    Plaintiff )
)
)
v. ) Civil Action No. 1:05CV0593 RWR
) No. 1:05CV1118 RWR
Leggett, Mark & Donna, et al )
    Defendant )
)

__Erratta__
__Motion to File a supplemental Pleading__
Attachment 7 Pages

DISTRICT OF COLUMBIA, ss:

RECEIVED COURT / DISTRICT COURT / DISTRICT OF COLUMBIA / 2006 FEB -9 AM 3:24 / NANCY MAYER-WHITTINGTON CLERK

_____
Mark Leggett
Defendant

_____
Donna Leggett
Defendant

**COPY MAILED TO PLAINTIFF [PLAINTIFF FILED ACTION PRO SE]**

We are responding to this case brought forth by Sharif Shafi also known as Willie Earl Smith. We have not been served with a summons regarding this matter. We received information regarding this case from other interested parties. We have moved from the address indicated in this case, and are very uncertain about listing our new location. Mr. Smith has been convicted and served jail time for threatening and assaulting me; he is currently on supervised probation and is controlled by a restraining order issued by Judge Motley.

Mr. Smith was the union President of Local 2095 and I was an Executive Officer and my wife was Secretary. By way of financial reports submitted by our Treasurer we obtained information that Mr. Smith was misappropriating union funds. Mr. Smith declined to cooperate with the Executive Board in justifying these expenditures. At that point, the Executive Board voted to inform our parent union and request an investigation into this matter. Our parent union established that Mr. Smith could not produce any receipts or documentation to support the checks that were made payable to him totaling more than seventeen thousand dollars and therefore removed him from office and ordered restitution to Local 2095. The Inspector General Office, DC Government was notified and is presently investigating this matter and has also referred this case to the U.S. Attorney's Office.

In conclusion, Mr. Smith has a long history of using the Courts to harass and seek revenge against persons that have sought justice for his illegal behavior. It should also be noted that Mr. Smith has a long criminal history and uses two names to create deception. Mr. Smith's assaults against me are proof of his anti-social behavior and tactics. We would like to have this matter dismissed because this civil action has no merit apart from seeking revenge and further harassing the parties involved. If this is not possible we would like a hearing to further explain our position.

Please review attached documents ( ) that support our claims. Thank you for your attention to this matter. Please forward all correspondence to my relatives address at 1707 Gainesville Street, #202 SE Washington DC 20020.

Respectfully,

Mark Leggett

Donna Leggett



National Union of Hospital and Health Care Employees, AFSCME, AFL-CIO
1319 Locust Street, Philadelphia, PA 19107 (215) 735-1300 FAX (215) 735-9878
9-25 Alling Street, 4th Floor, Newark, NJ 07102 (973) 622-6556 1-800-526-9602 FAX (973) 622-6601

# MEMORANDUM

DATE: April 5, 2004

TO: Willie Smith, Christopher Leach, Mary Horne, Diana Flowers, Brenda Mathews-Davis, Rita Settles, Tyrone Thompson, Dorothea Galloway and McArthur Morrison

FROM: Mary G. Millar, Secretary, Vice President, National Union of Hospital and Health Care Employees, AFSCME, AFL-CIO  (mgm/dd)

RE: **NATIONAL UNION OF HOSPITAL AND HEALTH CARE EMPLOYEES, AFSCME, AFL-CIO TRIAL BOARD RULING ON CHARGES AGAINST WILLIE SMITH**

*******************************************************************

Pursuant to Article XIII of the National Union Constitution, Trial Board hearings were held on January 17 and March 6, 2004 to hear an appeal by Willie Smith from a decision of a Local 2095 Hearing Board. The Trial Board consisted of National Union Vice Presidents Susan M. Cleary, Chair, Mary Lou Millar, Secretary, Barbara Blake, Marguerite Morrison and Ken Seaton-Msemaji.

On January 26, the Trial Board issued an Interim Ruling holding that because all of the Local 2095 Executive Board members were removed from office by competing factions (through procedures of questionable constitutionality) there were no Local officials who had the authority to hear the charges and were not directly interested. Likewise, at the District level, almost all of the Locals comprising the Executive Board of the District are either defunct, inactive or do not participate in the District Executive

*Growing faster to serve you better*

HENRY NICHOLAS, President
KATHY SACKMAN, Secretary-Treasurer
DONNA FORD, Executive Secretary
JOSEPH FRANKLIN, Secretary

VICE PRESIDENTS
Barbara Blake • Ray Brown • Susan Cleary
Michael Connair • Peter Gould • Fahari Jeffers
Carolyn V. Keys • Elizabeth Lujan • Dellma MacDonald
Mary Lou Millar • Marguerite Morrison • Sonia Moseley
Dietmar Scholz • Ken Seaton-Msemaji • John J. Seddon

Board. Therefore, there was no elected body constitutionally capable of hearing and deciding the charges. Despite this, the appointment of a panel entirely made up of non-elected persons (one of whom has been challenged as a non-member) does not comply with AFSCME, District, NUHHCE and Local 2095 Constitutions and Bylaws. For this reason, the Trial Board held that the decision finding Willie Smith guilty of all charges could not be sustained. The Trial Board's Interim Ruling went on to state that the Trial Board was extremely concerned about the allegations presented in the underlying charges and that they could not be disregarded by the National Union. The Trial Board requested that specific documents and information be provided to it, which it deemed necessary to make a final determination.

Thereafter, information and documents were provided to the Trial Board and additional testimony was taken on March 6.

Charges filed by Diana Flowers-Hinnant against Local 2095 President Willie Smith alleged the following violations:

1. Disloyalty to the premise and mission of Local 2095.
2. Incompetence betrayed by the incumbents in the direction, coordination, guidance, supervision and functions associated with the Office of the President and the Office of the Secretary-Treasurer.
3. Corrupt or unethical practices of the incumbent(s).
4. Violation of the Constitution of Local 2095, AFSCME International and/or 1199 Metropolitan NUHHCE.
5. Failure to enforce the Collective Bargaining Agreement.

Based upon the exhibits and testimony presented on January 17 and March 6, the Trial Board makes the following ruling.

1. No evidence was presented that would support a finding of guilt on this charge.

2.  The Trial Board found substantial evidence of incompetence in the financial affairs of the District, as well as failure to comply with the AFSCME Financial Standards Code. This evidence includes, but is not limited to, failure to provide or maintain receipts, invoices, and/or other documentation to support all disbursements; co-signing and receiving checks payable to himself which were not supported by receipts or other documentation; co-signing checks payable to other officers which were not supported by receipts or other documentation; discrepancies between bank statements, amounts of rebate checks, and monthly financial reports; failure to open and review in a timely manner bank statements which were sent to his home address. In addition, the Trial Board is concerned about the inconsistent testimony concerning the "stipends" paid to officers of Local 2095 for approximately 5 months in 2003. It is unclear whether these stipends were intended to cover out-of-pocket daily expenses such as parking, or were in addition to such expenses. It is noted, however, that the payment of stipends ceased after the January 17 hearing.

The AFSCME Financial Standards Code, Article VII, provides as follows:

> Section 1. Receipts, invoices and/or other documentation must be maintained to support <u>all</u> disbursements.
>
> Section 2. Expense reports must be used to document all reimbursements to officers, members and employees. Each item to be reimbursed must be documented to indicate its date, amount and union purpose. Receipts must be attached. All expense reports should be filed on a timely basis.
>
> <u>Employee</u> expense reports must be approved by the employee's supervisor; <u>officer</u> expense reports must be approved by the Executive Board or a committee of officers selected for that purpose.

3

> Expense reports must account for all expenses reimbursed as well as those incurred costs that are to be paid directly by the affiliate (e.g., direct hotel billings, charges on union-owned credit cards). Expense reports for any meal or entertainment item must list the name(s) and union relationship of the person(s) entertained and provide an explanation of the union business discussed.

The evidence shows that Mr. Smith did not comply with these requirements. The Trial Board finds this conduct to be especially egregious because the overwhelming majority of the Local's expenditures were payments to Mr. Smith, purportedly reimbursing him for expenses he incurred on behalf of the Local. Although some receipts were submitted to the Trial Board, they only covered approximately one-half of the payments made to Mr. Smith. The Trial Board is also concerned about the fact that most of the receipts were not provided to it in a timely manner, and were only produced after repeated requests by the Trial Board.

3. While the Trial Board finds that Willie Smith failed to follow proper financial practices and received reimbursements for which he did not produce receipts or other documentation, the Trial Board did not receive sufficient evidence to conclude that Mr. Smith engaged in corrupt or unethical practices. In particular, it is necessary to point out that the allegation that Mr. Smith received a check for the full balance of the Local's bank account is refuted by bank statements showing that the full amount was deposited in a new account. There was credible evidence, through testimony and exhibits, that it was necessary to open a new account because unknown persons had obtained unauthorized on-line access to the account.

4. The Trial Board finds that Willie Smith violated the AFSCME Financial Standards Code, which is binding upon every AFSCME affiliate. In addition, Mr. Smith

4

violated the AFSCME, NUHHCE, 1199 Metropolitan District and Local 2095 Constitutions and Bylaws by summarily removing from office Local 2095 Recording Secretary Donna Leggett, and Executive Board Members Mark Leggett, Janet Hill and Cheryl Jones. The removal of these four officers left only four remaining Local officers.

Although this action was based upon the grounds that these officers were not members in good standing of Local 2095, the Trial Board notes that these officers ran on Mr. Smith's slate in 2002. At that time, the incumbent President Mary Horne challenged their eligibility (except Janet Hill) on the grounds that they were not members in good standing. (It should also be noted that Ms. Horne challenged the eligibility of Mr. Smith and Christopher Leach on the same grounds.) Mr. Smith's slate took the position that they were all eligible to run for office. Judicial Panel Chairperson John Seferian ruled on August 27, 2002 that there was insufficient evidence that they were ineligible to run for office. That ruling was subsequently sustained by the full Judicial Panel on October 30, 2002. Despite this, approximately eight months later, Mr. Smith removed Ms. Leggett, Mr. Leggett, and Ms. Jones from office for the same reason. No evidence was submitted to substantiate why these individuals were eligible to run for office on Mr. Smith's slate in 2002, but no longer eligible to serve in office in 2003.

With respect to Ms. Hill, the evidence showed that she has been out of work on disability from January 22, 2003 to the present. Mr. Smith presented dues reports covering approximately one and a half months in April and May 2003 showing that dues were not deducted for Ms. Hill. Ms. Hill testified that she believed that she was paying dues. In light of this factual dispute, the procedure used to remove Ms. Hill from office was improper.

5

After the removal of these four officers, three of the remaining officers voted, pursuant to Article VI, Section 6 of the Local 2095 Constitution, to appoint persons to fill the vacancies created by the summary removal.

5. The Trial Board finds that there was no evidence that Mr. Smith failed to enforce the collective bargaining agreement.

Pursuant to Article XIII, C. 8(a), the Trial Board has the authority to dismiss the complaint, impose a reprimand, censure, or other discipline up to and including expulsion, and/or a fine or make any other decision that it deems appropriate or necessary. In light of its findings in this case, the Trial Board concludes that it is necessary to (1) remove Willie Smith from office; (2) order the holding of a special election to fill the position of President of Local 2095; (3) declare Willie Smith ineligible to run for or hold Union office for two years from the date of this decision. In addition, the Trial Board will request the National Union Auditor to determine the amount of money paid to Mr. Smith which is not substantiated by receipts, invoices and/or other documentation. Mr. Smith is ordered to refund to the Local 2095 treasury that amount determined by the National Union Auditor as not substantiated by receipts or other documentation.

Pursuant to Article XIII, C. 8(a), the Trial Board has the authority to dismiss the complaint, impose a reprimand, censure, or other discipline up to and including expulsion, and/or a fine or make any other decision that it deems appropriate or necessary. The Trial Board notes that Mr. Leach has resigned from the position of Local 2095 Secretary-Treasurer effective January 31, 2004. In light of its findings in this case, the Trial Board concludes that it is necessary to (1) reprimand Christopher Leach; (2) ~~declare Christopher Leach ineligible to run for or hold Union office for two years from~~ the date of this decision. In addition, the Trial Board will request the National Union Auditor to determine the amount of money paid to Mr. Leach which is not substantiated by receipts, invoices and/or other documentation. Mr. Leach is ordered to refund to the Local 2095 treasury that amount determined by the National Union Auditor as not substantiated by receipts or other documentation.