UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SHARIF ALI SHAFI, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No.  05-1118 (RWR) |
| MARK LEGGETT, et al., | ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, brought this action for defamation.  The defendant, also proceeding *pro se*, have moved for dismissal based on the lack of subject matter jurisdiction.  Because plaintiff has not met his burden of establishing diversity of citizenship for jurisdictional purposes, defendant's motion will be granted.

## BACKGROUND

The actions described in the complaint arise from defendant's alleged attempt to remove plaintiff as president of Local Union 2095, NUHHCE, AFSCME, AFL-CIO.  Complaint ("Compl."), ¶ 2.  Plaintiff claims that defendants sent malicious, deceitful, and fraudulent documents about plaintiff to a number of federal agencies, the Mayor of the District of Columbia, the Metropolitan Police Department, and various union officials.  *Id.*, ¶¶ 1, 3.  According to plaintiff, these documents stated that he was corrupt and engaged in embezzlement.  *Id.*, ¶¶ 1-2.  Plaintiff asserts that defendant's statements were defamatory and slanderous, affected his character and reputation, and caused him mental and emotional distress.  *Id.*, ¶ 6.

DISCUSSION

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, defendant moves to dismiss on the grounds of lack of subject matter jurisdiction. In resolving a Rule 12(b)(1) motion, the court must treat the complaint's factual allegations as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003), *cert. denied*, 540 U.S. 1149 (2004); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003), *cert. denied*, 540 U.S. 1218 (2004); *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren*, 353 F.3d at 39; *Browning*, 292 F.3d at 242. In addition, the plaintiff has the burden of proving subject matter jurisdiction by a preponderance of the evidence. *Felter v. Norton*, 412 F. Supp. 2d 118, 122 (D.D.C. 2006)(citation and quotation omitted).

Defendant moves to dismiss on the ground that both he and plaintiff are citizens of Maryland, and that this lack of diversity of citizenship deprives the court of subject matter jurisdiction. Federal courts are courts of limited jurisdiction, possessing only the power conferred by the Constitution and statutes. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). It is not presumed that a cause of action lies within the federal court's limited jurisdiction, and a plaintiff bears the burden of establishing jurisdiction. *Id.*; *Adelman v. UAL, Inc.*, 932 F. Supp. 331, 332 (D.D.C. 1996).

Common bases for subject matter jurisdiction in a federal district court are 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1332 (diversity jurisdiction). The federal

question jurisdiction statute provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A federal district court does not have federal question jurisdiction over a state law tort. *Singh v. Georgetown Univ.*, 368 F. Supp. 2d 58, 72 (D.D.C. 2005). Defamation is a cause of action arising under state law. *Jin v. Ministry of State Security*, 254 F. Supp. 2d 61, 68 (D.D.C. 2003); *see also White v. Fraternal Order of Police*, 909 F.2d 512, 515 (D.C. Cir. 1990)(defamation case governed by District of Columbia law). As such, an action for defamation cannot rely on federal question jurisdiction. *Mays v. Meeks*, 2006 WL 890671, at *3 (D.D.C. April 5, 2006).

The only proper jurisdictional basis for plaintiff's cause of action apparent from the face of his complaint would be diversity of citizenship. Section 1332(a)(1) provides that "district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different States." The party invoking diversity jurisdiction has the burden of showing the diversity of citizenship of each and every party to the action and that the claim in good faith exceeds $75,000. *Loughlin v. United States*, 393 F.3d 155, 171 (D.C. Cir. 2004)(quoting *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 (D.C. Cir. 1983), *cert. denied*, 467 U.S. 1210 (1984)); *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004). "[T]he citizenship of every party to the action must be distinctly alleged and cannot be established presumptively or by mere inference." *Id.*

The body of the complaint contains no statement of the jurisdictional basis of the claim or the citizenship of the parties. The caption lists plaintiff's address as one in the District of Columbia and the defendant's address as one in Maryland. However, the defendant submitted

what he stated is a copy of a District of Columbia Parole Board printout showing the plaintiff's home address as being in Maryland. Plaintiff himself has provided a document from his employer that shows plaintiff's address is in Maryland. Plaintiff has not disputed defendant's contention in his motion that diversity of citizenship is lacking because they are all, in fact, residents of Maryland. Instead, plaintiff argues that jurisdiction is proper here because the alleged acts and injuries occurred in the District of Columbia. Pl's Opp. to Deft.'s Motion, ¶ 8. That does not confer subject matter jurisdiction upon this court.

     A complaint filed in a federal district court must contain "a short and plain statement of the grounds upon which the court's jurisdiction depends." Fed. R. Civ. P. 8(a). Although *pro se* pleadings are to be liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), a *pro se* litigant, like any other litigant, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Plaintiff has failed to meet his burden of showing that there is a jurisdictional basis for his cause of action.

## CONCLUSION

     For the foregoing reasons, defendant's motion to dismiss will be granted. A separate order accompanies this Memorandum Opinion.


                                                /s/_____
                                         RICHARD W. ROBERTS
DATE: 6/19/06                    United States District Judge